UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> P<small>ARKER</small>,

   Plaintiff,        Hon. Paul L. Maloney

v.              Case No. 1:25-cv-730

M<small>AHLE</small> F<small>ILTER</small> S<small>YSTEM</small>
N<small>ORTH</small> A<small>MERICA</small>, I<small>NC</small>.,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's Motion to Change Venue (ECF No. 10). Plaintiff initiated this action against Mahle Filter System alleging employment discrimination. (ECF No. 1). Defendant has moved to dismiss this action on the ground that venue does not properly lie in this Court. Plaintiff has responded by moving to transfer this action to the United States District Court for the Eastern District of Michigan. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted, Plaintiff's motion be denied, and this action be dismissed without prejudice.

  Generally, venue in a civil action is proper: (1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). With respect to Title VII claims specifically, venue is proper in any district (1) in which the unlawful employment practice is alleged to have been committed; (2) in which the employment records relevant to such practice are maintained and administered; or (3) in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3).

Defendant does not reside or conduct any activity in this District. (ECF No. 8-1, PageID.56-57). The events giving rise to this action occurred in Tennessee where Plaintiff was employed. (ECF No. 1, PageID.1). The records relevant to Plaintiff's claims are not located in this District. (ECF No. 8-1, PageID.56-57). Because Defendant conducts no activity in this District, there is nothing in the record to suggest that but for the alleged unlawful employment practice Plaintiff would have worked in this District. Simply put, venue is not proper in this District under any of the venue provisions cited above.

Plaintiff does not dispute this, in fact, he concedes that he "mistakenly filed [this] lawsuit" in this District. (ECF No. 9, PageID.58). Plaintiff, however, rather than concede that dismissal of this action is appropriate instead requests that this action be transferred to the Eastern District of Michigan. Defendant does not dispute that venue is appropriate in the Eastern District, but nevertheless asserts that dismissal, rather than transfer, of the present action is appropriate because Plaintiff has already initiated

a separate action against Defendant in the Eastern District of Michigan based on the same events. *See Parker v. Mahle Filter System North America, Inc.*, case no. 2:25-cv-12491 (E.D. Mich.).

Federal law provides that where an action is initiated in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal under § 1406(a) is without prejudice. *See, e.g., United States v. Greenwood*, 2019 WL 7602069 at *2 (W.D. Mich., May 6, 2019). The Court finds that, under these circumstances, it would not be in the interests of justice to transfer this action to the Eastern District or any other District. Accordingly, the undersigned recommends that this action be dismissed without prejudice so that Plaintiff may pursue his claims in the context of the action he has already initiated in the Eastern District of Michigan.

## CONCLUSION

Accordingly, for the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 8) be granted; Plaintiff's Motion to Change Venue (ECF No. 10), be denied; and this action be dismissed without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                    Respectfully submitted,

Date: October 10, 2025                            /s/ Phillip J. Green
                                                                    PHILLIP J. GREEN
                                                                    United States Magistrate Judge